UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENNIE GIBSON,

                     Plaintiff,

     -against-

JOHN DOES #1, #2, ET AL.,

                     Defendants.

25-CV-6009 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

     Plaintiff, who currently is detained at the North Infirmary Command ("NIC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated August 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

     The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Plaintiff is barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing new civil actions IFP as a prisoner unless he is under imminent danger of serious physical injury. Here, the Court found that Plaintiff's allegations satisfy the imminent danger exception to this filing bar and granted Plaintiff's IFP application.

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.     The City of New York

Plaintiff names as a defendant "The City Municipality supervisors, policy makers, trainors, employees." (ECF 1, at 3.) This party is not a suable entity, and the Court therefore dismisses Plaintiff's claims against it.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the "The City Municipality supervisors, policy makers, trainors, employees" with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B.     Waiver of service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, the Warden of NIC, the Deputy Warden of NIC, and Captain Guirdo waive service of summons.

### C.     *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction to identify the correction officer whom Plaintiff alleges assisted Captain Guirdo in spraying Plaintiff with a chemical agent on June 27 or 28, 2025. It is therefore ordered that the New York City Law

2

Department, which is the attorney for and agent of the New York City Department of Correction, must ascertain the identity and badge number of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2]  The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified John Doe defendant.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly identified Defendant to waive service.

**D.     Claims against unidentified defendants**

Plaintiff names as defendants various other unidentified parties, including four additional John Does and "Clinical, Med Lab Doctors, from NYC HH personnel."  (ECF 1, at 3.)  Plaintiff, however, alleges no facts showing how these individuals were involved in violating his rights or any information that would allow the Department of Correction to identify them.  The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses Plaintiff's claims against these unidentified defendants without prejudice to Plaintiff's repleading his claims against them in an amended complaint.

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a service address where the individual may be served.

E.     **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court dismisses Plaintiff's claims against the John and Jane Doe defendants, "Clinical, Med Lab Doctors, from NYC HH personnel," and "The City Municipality supervisors, policy makers, trainors, employees" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk if Court is directed to amend the case caption accordingly.

The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is also directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, the Warden of NIC, the Deputy Warden of NIC, and Captain Guirdo waive service of summons, and that the New York City Law Department respond as directed in the *Valentin* order.

Local Civil Rule 33.2 applies to this action.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

      The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    August 25, 2025
            New York, New York

                                              EDGARDO RAMOS
                                        United States District Judge