UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENNIE GIBSON,

                              Plaintiff,

            – against –

CITY OF NEW YORK, *et al.*,

                              Defendants.

**ORDER**
25-cv-06009 (ER)

Ramos, D.J.:

Bennie Gibson, who is proceeding *pro se*, filed a letter with the Court dated March 21, 2026, requesting that the Court "set a timetable" for discovery and "entertain a[n] injunction against Kirby Psychiatric [facility] for not allowing access to [a] tablet or law library [per] *Lewis v. Casey*[,] [518 U.S. 343 (1996) and] *Bounds v. Smith*[,] [430 U.S. 817 (1977)]." Doc. 47.

In response to Mr. Gibson's request that a discovery schedule be entered, the Court notes that, per its March 27, 2026, order, the Court will hold an initial conference on May 1, 2026, at 10:00 a.m. by telephone, at which it will consider the parties' proposed discovery plan. Doc. 45. The Court also notes that it previously directed the City of New York ("the City") to serve responses to certain court-ordered discovery requests per Local Civil Rule 33.2 in its August 25, 2025, order of service. Doc. 8. The City's responses are due April 26, 2026. Doc. 30.

Mr. Gibson's request for injunctive relief is denied without prejudice. In general, courts cannot issue an order against a non-party, except for narrow circumstances that are not present here. *See* Fed.R.Civ.P. 65(d); *United States v. Paccione*, 964 F.2d 1269, 1275 (2d Cir. 1992) ("[A] court generally may not issue an order against a non-party."). Because "Kirby Psychiatric" is not a party to this case, Mr. Gibson's request for injunctive relief is therefore denied.

The Clerk of the Court is respectfully requested to mail Mr. Gibson a copy of this order.

It is SO ORDERED.

Dated:    April 8, 2026
          New York, New York

_____
Edgardo Ramos, U.S.D.J.

2