STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

RACHEL SELIGMAN WEISS
Tel.: (212) 356-2422
Fax: (212) 356-2384
rseligma@law.nyc.gov

**MEMO ENDORSED**

at page 4

October 26, 2026

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Bennie Gibson v. City of New York, et al.,
25 Civ. 06009 (ER)

Your Honor:

I am an attorney in the Office of Steven Banks, Corporation Counsel of the City of New York, representing Defendant City of New York in the above-referenced matter.[1] Defendant respectfully writes to request that the Court: (i) compel Plaintiff to respond to Defendant's First Set of Interrogatories and Request for the Production of Documents by a date certain; (ii) direct Plaintiff to provide an updated legal address and phone number at which he may be reached; (iii) extend the deadline to complete fact discovery, from November 2, 2026 until thirty (30) days after Plaintiff serves his responses to Defendant's discovery demands; and (iv) adjourn the case management conference currently scheduled for November 6, 2026, at 11 a.m., to a date and time that is convenient for the Court. This is the first request of this kind. Mr. Capio was unable to expediently obtain Plaintiff's position with respect to these requests because Plaintiff was recently released from Rikers Island, does not have a working telephone number, and has advised Mr. Capio, through telephone calls placed from LinkNYC kiosks, that the address currently listed on the Court's docket is not valid.

By way of background, plaintiff Bennie Gibson, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, violations of his constitutional rights on or about June 27, 2025 or June 28, 2025. See ECF No. 39. On May 1, 2026, Your Honor issued

[1] This case has been assigned to Assistant Corporation Counsel Joseph Capio, who is awaiting admission to the Southern District of New York. Mr. Capio is handling this matter under my supervision and may be reached at (212) 356-2318 or jcapio@law.nyc.gov.

an order, setting a November 2, 2026 deadline for the close of fact discovery. See May 1, 2026 Text Entry.[2] On June 1, 2026, Defendant served Plaintiff with its First Set of Interrogatories and Request for the Production of Documents and a Notice of Deposition. Plaintiff's responses were due by July 1, 2026.

On or about June 25, 2026, Plaintiff contacted Mr. Capio and stated, in sum and substance, that he had received Defendant's discovery demands, initial disclosures, and the documents identified therein, and was working to prepare his responses but was experiencing difficulties reviewing the Genetec footage while also preparing an amended complaint. On July 27, 2026, Plaintiff filed a letter with the Court indicating, *inter alia*, that he had been released from Rikers Island and was working to amend his Complaint for a second time.[3] See ECF No. 71. On August 21, 2026, Plaintiff advised the Court that his updated address was 40 Ann Street, New York, NY 10038. See ECF No. 72. Since that time, Plaintiff has contacted Mr. Capio intermittently using LinkNYC kiosks, including during the late evening hours, to provide updates regarding his whereabouts and advise that he had mailed Mr. Capio certain "correspondence."[4]

However, because LinkNYC kiosks permit only outgoing calls, Mr. Capio is unable to return Plaintiff's calls when missed, and, upon information and belief, Plaintiff does not have another working telephone number. For example, on August 30, 2026, at approximately 8:03 p.m., Plaintiff left Mr. Capio a voicemail stating that the 40 Ann Street address was "one of their setups" and that he might be returning to a shelter, without further explanation. Similarly, on September 13, 2026, Plaintiff left another voicemail from a LinkNYC kiosk stating that the 40 Ann Street address was "not me" and that the apartment was "one of their apartments," again without further elaboration. Accordingly, Defendant is unable to ascertain whether the address currently listed on the Court's docket remains a valid mailing address for Plaintiff.

Nevertheless, on or about October 2, 2026, Mr. Capio mailed courtesy copies of Defendant City's previously served court-ordered discovery requests pursuant to Local Civil Rule 33.2, initial disclosures and the documents identified therein, First Set of Interrogatories and Requests for Production of Documents, and notice of deposition to Plaintiff at 40 Ann Street, New York, NY 10038. To date, Plaintiff has neither responded to Defendant's outstanding discovery demands nor provided his availability for a deposition.

Under Federal Rule 37(a)(3)(B)(iii) and (iv) a party seeking discovery responses may move for an order compelling production if a party fails to answer an interrogatory or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Rule 37(b) provides, in relevant part, "[i]f a party

---

[2] The parties' Civil Case Discovery Plan and Scheduling Order was ultimately adopted and signed by the Court on June 5, 2026. See ECF No. 60.

[3] Despite Plaintiff's assertions, the Court ordered Plaintiff to file a Second Amended Complaint by July 24, 2026. See ECF No. 70. To date, Plaintiff has neither filed a Second Amended Complaint nor contacted this Office seeking an extension regarding the same.

[4] To date, any "correspondence" received by Mr. Capio from Plaintiff has not included responses to Defendant's discovery demands.

… fails to obey an order to provide or permit discovery … the court … may issue further just orders … [including] … dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Without Plaintiff's responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, Defendant has been unable to schedule Plaintiff's deposition or adequately evaluate the case for possible settlement.

Even if Defendant were willing to forego responses to its discovery demands, which it is not, there is still no feasible way to contact Plaintiff to schedule his deposition. As mentioned above, Plaintiff has not provided this Office with a phone number or email address and there is no phone number listed on the civil docket sheet. It is well established that Plaintiff has an obligation to apprise the Court and defense counsel of any change of address. See Handlin v. Garvey, 1996 U.S. Dist. LEXIS 17281, *13 (S.D.N.Y. 1996) (in dismissing the claims of two plaintiffs under Rule 41(b), who failed to respond to defendant's motion, the court stated that their failure to respond "may be attributed either to their disinterest in pursuing their claims or their failure to apprise defendants and the Court of their current address, an obligation that rests with all *pro se* plaintiffs"); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (in dismissing the case under Rule 41(b) the court stated that "as this Court has no current address for plaintiffs, any attempt to further warn plaintiffs of their responsibilities and the consequences of their continued failure to prosecute this action would be futile. The Court notes that any inability to receive actual notice of the proceedings was of plaintiffs' own doing. Nothing prevented them from leaving a forwarding address or otherwise staying in contact with the Court.").

If Your Honor is inclined to grant this request, Defendant also respectfully requests that the deadline to complete fact discovery be extended from November 2, 2026 to thirty (30) days after Plaintiff serves his responses to Defendant's discovery demands. The requested extension is necessitated by Plaintiff's total failure to participate meaningfully in the discovery process. Defendant has provided Plaintiff with all of the relevant records in this action, but Plaintiff has neither responded to Defendant's discovery requests, nor provided available dates for his deposition.

In light of the foregoing, Defendant respectfully requests that Your Honor grant Defendant's motion to compel and (i) direct Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents by a date certain so that Defendant may schedule Plaintiff's deposition and further investigate his claims; (ii) direct Plaintiff to provide an updated and valid mailing address at which he may be reached and served with correspondence, along with a working phone number; (iii) extend the deadline to complete fact discovery until thirty (30) days after Plaintiff serves his responses to Defendant's outstanding discovery demands; and (iv) adjourn the case management conference currently scheduled for November 6, 2026, at 11 a.m., to a date and time convenient for the Court.

Thank you for your consideration herein.

Respectfully submitted,

*Rachel Seligman Weiss /s*
Rachel Seligman Weiss

cc: **VIA FIRST-CLASS MAIL**
Bennie Gibson
*Plaintiff pro se*
40 Ann Street
New York, NY 10038

The request is granted, in part. Gibson is directed to provide an updated legal address and phone number at which he may be reached. In addition, the Court extends the deadline to complete fact discovery until thirty (30) days after Gibson serves his responses to Defendant's discovery demands. However, the conference on November 6, 2026 will proceed as scheduled to consider Defendant's motion to compel.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: October 29, 2026
New York, New York